A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RACHEL LUXTON, et al.,

        Plaintiffs,

    v.

MANEUVER MARKETING PTE. LTD., et al.,

        Defendants.

Case No. 5:25-cv-04004-PCP

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 32

Plaintiffs Rachel Luxton and Eileen Phan bring this lawsuit against defendants BB Company and Maneuver Marketing PTE Ltd on behalf of putative classes of nationwide, California, and New York consumers. Plaintiffs allege that the representations on the label for Provitalize Probiotic Dietary Supplements that it contained 68 billion viable colony forming units ("CFUs") of three specific probiotic strains, that they were present in clinically effective doses, and that they were clinically substantiated to support weight management and immune and gut health were false and misleading. They bring nine claims: (1) breach of express warranty; (2) unlawful business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) unfair business practices in violation of the UCL; (4) fraudulent business practices in violation of the UCL; (5) false advertising in violation of California Business & Professions Code § l7500 ("FAL"); (6) violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750; (7) violation of New York's Consumer Protection from Deceptive Acts and Practices law, N.Y. GEN. BUS. LAW § 349 ("Section 349"); (8) violation of New York's Consumer Protection from Deceptive Acts and Practices law, N.Y. GEN. BUS. LAW § 350 ("Section 350"); and (9) unjust enrichment.

Defendants now move to dismiss parts of plaintiffs' amended complaint pursuant to

United States District Court
Northern District of California

Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, the motion is granted in part and denied in part.

## BACKGROUND

Defendants previously marketed Provitalize supplements as an "everyday probiotic formula" to help perimenopausal, menopausal, and post-menopausal individuals manage their weight.[1] Provitalize listed three "key benefits" on the label: "promot[ing] sustained weight management," "enhance[ing] overall immune and gastrointestinal health," and "natural & safe ingredients at clinically effective doses." The labeling further supported these claims by advertising three specific probiotic strains that collectively amount to 68.2 billion colony forming units. In late 2024, defendants rebranded the supplements by eliminating all references to the probiotic strains, removing a "potency promise" from its labels, and abandoning any claims about the three key benefits listed above. The newly revised label now focuses on joint support. The formula remains the same.

Plaintiffs purchased the supplement in 2023 and 2024 before the relabeling. Analytical tests conducted by plaintiffs on multiple lots indicate that the supplements contain less than 20% of the promised CFUs. They allege that the former label was misleading in three ways. First, the number of CFUs is markedly different from what the label promised. Second, the diminished number of CFUs "materially undermine[d]" the promise to provide consumers with "clinically effective doses" of the probiotic strains. Third, the clinical studies relied on by defendants to tout the promises of "weight management" and "immune and gastrointestinal health" failed to provide the reliable scientific evidence necessary to support these claims.

## LEGAL STANDARD

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference

---

[1] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' amended complaint.

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**ANALYSIS**

Defendants limit their motion to dismiss to what they call the "benefits claims"—i.e., the claims that the products "promote weight management" and "enhance immune and gut health" and at "clinically effective" doses. First, they assert that under California law private litigants cannot bring causes of action based on an alleged lack of substantiation. In defendants' view, because the California state law causes of action all stem from the allegation that defendants failed to adequately support their benefits claims (rather than the allegation that the advertising was affirmatively false), they cannot succeed as a matter of law. Second, they assert that the New York causes of action fail because plaintiffs fail to allege that the benefits claims were materially misleading to a reasonable consumer or that they suffered a cognizable injury. Defendants succeed on their first theory but fail on their second.

**I.    UCL, FAL, and CLRA Claims**

Under California law, "[a]n advertising claim is false if it has 'actually been disproved,' such that 'the plaintiff can point to evidence that directly conflicts with the claim[,]" while an

United States District Court
Northern District of California

advertising claim is merely "unsubstantiated if it has 'no evidentiary support one way or the other.'" *Obillo v. i-Health Inc.*, No. 24-CV-02459-PHK, 2025 WL 844389, at \*6 (N.D. Cal. Mar. 18, 2025) (quoting *Cooper v. Curallux LLC*, No. 20-cv-02455-PJH, 2020 WL 4732193, at \*4 (N.D. Cal. Aug. 14, 2020)) (cleaned up). No private right of action exists under California law for false advertising claims premised on an alleged lack of substantiation. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003)). While defendants concede for the purposes of the motion before the Court that the products contained less than the 62 billion CFUs advertised on the label, they argue that the benefits claims are based on an impermissible lack-of-substantiation theory and therefore must be dismissed.

*Kwan* is directly on point and requires dismissal of plaintiffs' California causes of action targeting the label's benefits claims. In that case, the Ninth Circuit considered allegations that a supplement's advertised benefits (wrinkle reduction, stronger bones, heightened sex drive, youthful skin) as well as its claim that it was "clinically tested to boost human growth hormone," were false. *Kwan*, 854 F.3d at 1092. The court held that the plaintiff's "failure to allege specific facts pointing to actual falsehood constitutes a fatal flaw." *Id*. at 1097. Without those specific facts, the plaintiff merely alleged an unsubstantiation claim.

Unlike the plaintiff in *Kwan*, plaintiffs here cite testing that directly contradicts certain of the defendants' claims. But that testing analyzed only the amount of CFUs in the product at issue and did not address whether the product failed to deliver the promised health benefits or whether the level of probiotics actually present in the product was ineffective. And while plaintiffs cite various clinical studies in support of their claim of falsehood, the cited studies merely identified health benefits that were provided at CFU levels far exceeding both the advertised amount and the amount actually present in defendants' supplement. Crucially, they did not identify the CFU level at which a product would no longer provide such health benefits. While the studies may cast doubt on the efficacy of defendants' supplement, they do not provide evidence of the actual falsehood of any of defendants' benefits claims. In the absence of any allegations "pointing to actual falsehood" as to those claims, plaintiffs' California state law causes of action challenging defendants' benefits

4

claims suffer from the same "fatal flaw" present in *Kwan* and must be dismissed. *Id.* at 1097. Dismissal of those claims is without prejudice and with leave to amend.

## II.        New York Claims

To plausibly allege a violation of either Sections 349 or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). These claims "are not subject to the pleading-with-particularity requirements of Rule 9(b)" but instead need only meet the Rule 8(a) standard. *Greene v. Gerber Prods. Co.*, 262 F.Supp.3d 38, 67 (E.D.N.Y. 2017). Defendants argue that plaintiffs fail to plausibly allege the second and third elements.

A product is materially misleading if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* (citation omitted). While the reasonable consumer inquiry is generally a question of fact, *Scholder*, 2022 WL 125742, at \*3, whether a product's label is materially misleading may still occasionally be decided as a matter of law, *see, e.g.*, *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019). When courts have dismissed complaints alleging misleading labels, however, the legal claims' flaws have been obvious. *See id.* at 200 (noting that there was "no dispute" as to whether Diet Coke met the federal requirements to be labeled diet and dismissing complaint alleging that the label's reference to Diet Coke as a "diet" product was misleading); *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (dismissing a complaint after noting that a plaintiff "may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss"); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 557 (W.D.N.Y. 2018) (dismissing a complaint because it contained "no factual allegations supporting claims related to [the products at issue]"); *Podpeskar v. Dannon Co., Inc.*, No. 16-CV-8478 (KBF), 2017 WL 6001845, at \*5 (S.D.N.Y. Dec. 3, 2017) (dismissing a complaint challenging "natural" labelling on yogurt when plaintiff's complaint failed to allege "that *any ingredient* used in the Products is unnatural").

Plaintiffs' case is far stronger than those cited above. "In determining whether a reasonable

5

United States District Court
Northern District of California

consumer would have been misled by a particular advertisement, context is crucial. [The court] therefore consider[s] the challenged advertisement as a whole." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (cleaned up). Plaintiffs here present evidence that at least one part of the label—the amount of CFUs present in the supplement—was false. Because the supplement's composition was correlated with its ability to effectuate its claimed benefits, its failure to provide the promised amount undermines defendants' promise to provide consumers with "clinically effective" doses of the supplement. At the pleading stage, the Court cannot determine that a reasonable consumer would not find that the label's representations misleading. Plaintiffs also sufficiently allege an injury—namely, that they paid more for the supplements than they would have otherwise done because of the misleading label. Such a price premium theory of injury is permissible under the New York state laws at issue here. *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 310 n.6 (S.D.N.Y. 2021) (citing *Ackerman v. Coca-Cola Co.*, No. 09-CV-00395, 2010 WL 2925955, at *23 (E.D.N.Y. July 21, 2010)).

Accordingly, defendants' motion to dismiss plaintiffs' New York causes of action challenging the label's benefits claims is denied.

### III.    Breach of Express Warranty

An express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Cal. Com. Code § 2313; N.Y. U.C.C. Law § 2-313. Defendants concede that the express warranty claims rise and fall with the statutory claims. They do not provide any argument as to what should happen to the California express warranty claims if only the New York statutory claims go forward.[2]

Although district courts within the Ninth Circuit regularly hold that "stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty," *James v. Chocmod USA Inc.*, 773 F. Supp. 3d 945, 961 (E.D. Cal. 2025) (collecting cases), failure to state a claim under California state law is not dispositive as to a plaintiff's express warranty claim, *see, e.g.*, *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 1116715, at *5

---

[2] Both parties agree that because the New York statutory claims survive, so do the express warranty claims arising under New York law.

(N.D. Cal. Mar. 1, 2018) (dismissing all California statutory claims but allowing the express warranty claim to proceed). Because defendants provide no other argument as to why plaintiffs fail to adequately allege their California breach of express warranty claims, the Court declines to dismiss them.

## IV.    Unjust Enrichment/Quasi-Contract Claims

There is a split in California caselaw over whether unjust enrichment is an independent cause of action. *Compare First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (unjust enrichment is an independent cause of action) *with Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 206 (2023) ("There is no cause of action in California labeled 'unjust enrichment.'"). But a court may construe an unjust enrichment cause of action as a quasi-contract claim seeking restitution. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). To be certain, a defendant cannot ultimately be held liable on both a breach of an express contract theory and a quasi-contract theory of unjust enrichment. But at the pleading stage a plaintiff may allege alternative theories of liability if nothing on the face of the complaint renders plaintiffs' quasi-contract theory implausible. FRCP 8(d); *see, e.g.*, *Clark v. Nordic Nats., Inc.*, No. 24-CV-04058-EKL, 2025 WL 1592676, at *6 (N.D. Cal. June 5, 2025); *cf., e.g.*, *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806, 813 (N.D. Cal. 2022).

Accordingly, although plaintiffs cannot ultimately succeed on both theories, they may continue to pursue their quasi-contract unjust enrichment and breach of express warranty claims at the pleadings stage.

United States District Court
Northern District of California

7

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED as to the benefits claims challenged in Counts 2, 3, 4, 5, and 6. Dismissal is without prejudice and with leave to amend. Defendants' motion is otherwise DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California